## SETTLEMENT AGREEMENT
## AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is entered into by and between Ricardo Ramirez Balbuena ("Employee") and Mamma Bell Pizza, Inc. d/b/a Mamma's Pizza & Restaurant ("Mamma's Pizza"), Spiro Ploumes ("Mr. Ploumes") and Maria Ploumes ("Ms. Ploumes) (Mamma's Pizza, Mr. Ploumes and Ms. Ploumes are collectively the "Employer") (Employer and Employee are collectively the "Parties").

**WHEREAS**, Employee alleges that he was employed by Employer from approximately March 2015 through December 23, 2017 ("Employment Period"); and

**WHEREAS**, on May 10, 2018, Employee filed a Complaint against Employer in the Eastern District of New York, Case No.: 1:18-cv-02799 ("Lawsuit"), alleging seven (7) causes of action for violations of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"), including but not limited to the alleged failure to: (1) pay overtime wages for all hours worked in excess of forty (40) hours per week; (2) pay spread of hours pay; (3) pay wages timely; (4) reimburse for the purchase of equipment; and (4) provide accurate wage notices and statements at the time of hiring and throughout the Employment Period; and

**WHEREAS**, on September 28, 2018, Employer filed and Answer to Employee's Complaint asserting twenty-five (25) affirmative defenses and denying any liability to Employee; and

**WHEREAS**, the Parties are desirous of resolving this dispute without admitting any liability, solely for convenience to avoid incurring further time, expense, or attorneys' fees; and

**WHEREAS**, the Parties have reached an agreement to settle this matter for the amount set forth in this Agreement; and

**WHEREAS**, the terms of this Agreement were fully reviewed by the Parties and their attorneys and all Parties have had sufficient opportunity to fully and carefully consider this Agreement and review this Agreement with their respective attorneys; and

**WHEREAS**, the Parties have fully and carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily, and without coercion.

**NOW, THEREFORE**, in consideration of the covenants, releases, representations, obligations, and promises contained herein and for other good and valuable consideration, the Parties mutually agree as follows:

1. Any and all disputes/claims/causes of action between the Parties arising from or related to the Lawsuit are fully settled to the Parties' complete satisfaction in accordance with the terms set forth herein.

2. <u>Payment</u>: The Parties, for the good and sufficient consideration set forth below, agree as follows:

    a. <u>Settlement Amount</u>: In consideration of Employee's execution of this Agreement and his release of any and all disputes/claims/causes of action arising from or related to the Lawsuit against the individuals/entities referenced in Paragraph 3, and in consideration of Employee's compliance with the promises made herein, Employer agrees to pay Employee, and Employee agrees to accept, the total gross sum of $12,000 ("Settlement Amount") as follows:

        i. One payment to be made within fourteen days of the Court's approval of the Agreement as follows:

1. One check paid by, or on behalf of, Spiro Ploumes in the amount of $6,666.67 payable to the order of "Ricardo Ramirez Balbuena";

2. One check paid by, or on behalf of, Spiro Ploumes in the amount of $3,333.33 payable to the order of "Michael Faillace & Associates, P.C."

ii. One payment to be made within six months of the Court's approval of the Agreement as follows:

1. One check paid by, or on behalf of, Spiro Ploumes in the amount of $1,333.33 payable to the order of "Ricardo Ramirez Balbuena";

2. One check paid by, or on behalf of, Spiro Ploumes in the amount of $666.67 payable to the order of "Michael Faillace & Associates, P.C."

b. <u>Tax Liability</u>:  All payments made by Employer to Employee shall be designated as wages and shall be "gross," subject to employee tax withholdings and deductions. All payments made by Employer to Michael Faillace & Associates, P.C., shall be designated as attorneys' fees and shall be "net," without tax withholdings and deductions. Employer shall provide Michael Faillace & Associates, P.C., with a Form 1099 in connection with the Settlement Amount payments set forth in Paragraph 2(a) of this Agreement. Employee acknowledges that he is responsible for any tax liability, interest or penalty that may be assessed against or incurred by Employer (or against or incurred by Employee), except that Employee shall not be liable for Employer's share of

FICA, should it be assessed.  Employee agrees to pay or indemnify and hold Employer harmless for any and all related withholding taxes, interest, or penalties incurred by Employer that the Employer may be required to pay to any taxing authorities relating to any payments made to Employee.

       c.      <u>Sufficiency of Consideration</u>: Employee expressly understands and agrees that the obligations under this Agreement and tender of the payments described herein are in lieu of any and all other amounts to which Employee might be, is now, or may become entitled to receive from Employer upon any dispute/claim/cause of action between the Parties arising from or related to the Lawsuit.

    3.    <u>Mutual Release</u>:  In consideration of the promises of benefits, mutual agreements, payment, and other good and valuable consideration contained in this Agreement, the Parties hereby release and forever discharge each other and their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, current and former employees, agents, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present, or future, of and from all disputes/claims/causes of action between the Parties arising from or related to the Lawsuit.

    4.    <u>Covenant Not to Sue</u>:

       a.      The Parties hereby covenant and agrees not to sue, commence, prosecute, and continue any other proceeding or complaint (civil or administrative) or accept any relief or recover any monetary damages individually or as a member of a class, against each other in any court of law or equity, or before any administrative agency, with respect to any disputes/claims/causes of action between the Parties arising from or related

to the Lawsuit. The Parties agree to discontinue and withdraw any such existing or pending proceedings or complaints brought in their own name against the other.  Any documents confirming the withdrawal, dismissal, and/or closure of any such proceedings and complaints must be sent by the Parties' counsel to the other pursuant to Paragraph 9 of this Agreement.  In the event any administrative agency fails or refuses to close any such proceeding or complaint, notwithstanding the Parties' filing of said notice, the Parties agree to take any and all steps reasonably necessary to bring about the final closure of such proceeding or complaint.

b.      Nothing in this Agreement shall be construed to restrict any communications or participation the Parties may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law.  The Parties understand that although they are not prohibited from bringing a charge or complaint against each other with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law, by virtue of this Agreement, the Parties waive any right to recover monetary damages in any charge, complaint, or lawsuit filed by them or anyone else on their behalf against the other.

5.      <u>Injunctive and Other Relief</u>:

a.      The Parties agree that any breach of the promises contained in Paragraph 4 of this Agreement may cause permanent and irreparable damage to the non-breaching Party for which a remedy at law will be inadequate. Consequently, the non-breaching Party shall be entitled to injunctive relief prohibiting any such breach or threatened breach or violation, or to specific performance of this Agreement. This does not limit

other relief to which the non-breaching Party may be entitled in the event of any breach or threatened breach of this Agreement, including but not limited to any appropriate award of compensatory and/or punitive damages.  No bond or other security shall be posted by the non-breaching Party as a pre-condition to the issuance of any injunction.

        c.      The Parties represent and agree that any breach of the provisions contained in Paragraphs 3 through 4 of this Agreement is a material breach of this Agreement and would cause the non-breaching Party injury and damage. The Parties agree that if any legal proceedings are ever brought or defended by the non-breaching Party concerning any alleged violations of these provisions by the breaching Party, the non-breaching Party shall recover its reasonable attorneys' fees, costs, disbursements and other litigation expenses incurred from the breaching Party should it prevail in the legal proceedings.

        d.      The Parties represent and agree to hold harmless and indemnify all individuals/entities referenced in Paragraph 3 against any and all claims, damages, demands, liens, losses, judgments, costs, expenses, actions and liabilities of any kind brought by or awarded to any third party on behalf of a breaching Party with respect to any disputes/claims/causes of action between the Parties arising from or related to the Lawsuit, in breach of Paragraphs 3 and 4 of this Agreement. The Parties further represent and agree to reimburse all individuals/entities referenced in Paragraph 3 for their attorneys' fees, costs, disbursements and other litigation expenses incurred in their defense of any disputes/claims/causes of action between the Parties arising from or related to the Lawsuit, in breach of Paragraphs 3 and 4 of this Agreement.

6.      Enforceability:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of the provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void, or unenforceable, the Parties agree to execute promptly a release, waiver, and/or covenant that is legal and enforceable. A Party's failure to execute a valid and enforceable release within twenty-one (21) days of the other's request shall result in Employee's full return to Employer of all amounts paid to it pursuant to this Agreement.

7.      Release Notification and Withdrawal:

a.      The Parties have been advised to seek legal counsel to advise them in this matter and discus the terms and conditions of this Agreement.  The Parties represent that they have been advised to and did consult legal counsel regarding this Agreement. The Parties further represent that they have had a full opportunity and sufficient time to fully and carefully review and consider the terms and conditions of this Agreement, have discussed the terms and conditions of this Agreement with any member of their immediate family, counsel, or financial advisor of their own choosing, fully understand and agree to all of the provisions of this Agreement, and have executed the provisions and terms of this Agreement freely and voluntarily. The Parties acknowledge that it was their choice to waive any potential claims in return for the benefits set forth herein.

b.      Should there be any ambiguity with respect to the interpretation of this

Agreement, no inference will be drawn against the drafter of the Agreement in connection with said dispute. This Agreement will be interpreted by the trier of fact without regard to the identity of the drafter of the Agreement.

8. <u>No Admission</u>: This Agreement shall not in any way be construed as an admission by the Parties that they acted wrongfully with respect to each other or any other person, or that the Parties have any rights whatsoever against each other, and the Parties specifically disclaim any liability for any purported wrongful acts against each other or any other person, on the part of themselves, their employees, and/or their agents. Further, this Agreement shall not in any way be construed as an admission by the Parties as to any allegations contained in any correspondence by the Parties or their attorneys to each other sent prior to the execution of this Agreement.

9. <u>Miscellaneous</u>:

a. All notices or other communications provided for or permitted herein shall be in writing and mailed by U.S. Registered or Certified Mail with Return Receipt Requested, or alternatively sent by electronic mail or other similar communication provided that, if such communication is used, the notice is also mailed simultaneously by First Class U.S. Mail, to the Party entitled or required to receive same at the address set forth below or at such other address as such Party shall designate by a notice given pursuant to this Paragraph 9. All such notices, etc., shall be deemed given: (i) upon receipt if sent via U.S. Registered or Certified Mail; or (ii) five (5) days after mailing if sent via First Class U.S. Mail in accordance with this Paragraph.

   i. If to Employee:
     Ricardo Ramirez Balbuena
     c/o Clela A. Errington, Esq.
     Michael Faillace & Associates P.C.

60 East 42nd Street Suite 4510
New York, New York 10165
Email: cerrington@faillacelaw.com

    ii.    If to Employer:
Spiro Ploumes
c/o Israel Klein, Esq.
Pardalis & Nohavicka, LLP
950 Third Avenue, 25th Floor
New York, New York 10022
Email: Israel@pnlawyers.com

    b.    This Agreement contains the entire understanding between the Parties hereto concerning the subject matter hereof, and it supersedes any and all prior agreements among the Parties with respect to the subject matter hereof, and may not be changed, modified, or altered, nor any of its provisions waived, except by an agreement in writing signed by the Parties hereto.

    c.    Each of the promises and covenants contained herein is a separate and independent promise and covenant. A breach, finding of unenforceability, or waiver of any one (1) promise or covenant herein (or of any other promise, covenant or agreement between the Parties) shall not relieve the Parties of any remaining obligations hereunder.

    d.    A waiver by any Party of any of the terms or conditions of this Agreement, or of any breach thereof, shall not be deemed a waiver of such term or condition hereof, or of any subsequent breach thereof, unless set forth in writing and signed by the Parties. Any waiver set forth in writing and signed by the Parties shall not be a blanket waiver of such terms or conditions, but shall be limited in scope to the extent provided in the signed writing. No failure of any Party to exercise any power given such Party hereunder or to insist upon strict compliance with the terms hereof, and no custom

or practice of the Parties at variance with the terms hereof, shall constitute a waiver of the right of either Party to demand precise compliance with the terms of this Agreement.

All rights and remedies set forth in this Agreement reserved to any Party shall be cumulative and shall not be in limitation of any other right or remedy which such Party may have at law, in equity, or otherwise.

  e. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one (1) and the same instrument. Electronic signature and facsimile transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same.

  f. This Agreement shall inure to the benefit of the Parties, and their beneficiaries, heirs, successors, and assigns, including but not limited to any corporation, individual, partnership, or other entity which may acquire all or substantially all of their assets and business or with, or into which, they may be consolidated or merged, and including but not limited to any corporation, individual or partnership.

  g. This Agreement was negotiated with specific reference to the State of New York without reference to its principles of conflict of laws, and shall in all respects be governed by relevant federal law and the laws of the State of New York. The Parties agree to request that any dispute arising pursuant to this Agreement or concerning its subject matter shall be adjudicated in the United States District Court, Eastern District of New York, or, if such jurisdiction is denied by the court, the Parties agree that any such disputes shall be adjudicated in the Supreme Court of the State of New York, County of New York, 60 Centre Street, New York, NY 10007, said Court having jurisdiction over this matter.

h.      The captions of the Paragraphs hereof are for convenience only and shall

not control or affect the meaning or construction of any of the terms or provisions of this

Agreement.

i.      The Parties shall execute any other instruments and/or documents that are

reasonable or necessary to implement this Agreement.

[*Signature Page Follows*]

**THEREFORE**, the Parties to this Settlement Agreement and Release now voluntarily and knowingly execute this Agreement on this _____ day of December, 2020.

On Behalf of Ricardo Ramirez Balbuena

_____
By: Ricardo Ramirez Balbuena

On Behalf of Spiro Ploumes

_____
By: Spiro Ploumes

On Behalf of Mamma's Pizza

_____
By: Spiro Ploumes

On Behalf of Maria Ploumes

_____
By: Maria Ploumes

STATE OF _____   )
                                      )
COUNTY OF _____   )

On _____, 2020, before me personally came _____, known to me to be the individual described in, and who executed the foregoing Confidential Settlement Agreement and General Release, and duly acknowledged to me that he executed same.


                                      _____
                                      Notary Public

STATE OF _____   )
                                      )
COUNTY OF _____   )

On _____, 2020, before me personally came _____, known to me to be the individual described in, and who executed the foregoing Confidential Settlement Agreement and General Release, and duly acknowledged to me that he executed same.


                                      _____
                                      Notary Public

STATE OF _____   )
                                      )
COUNTY OF _____   )

On _____, 2020, before me personally came _____, known to me to be the individual described in, and who executed the foregoing Confidential Settlement Agreement and General Release, and duly acknowledged to me that he executed same.


                                      _____
                                      Notary Public

STATE OF _____   )
                                      )
COUNTY OF _____   )

On _____, 2020, before me personally came _____, known to me to be the individual described in, and who executed the foregoing Confidential Settlement Agreement and General Release, and duly acknowledged to me that he executed same.


                                      _____
                                      Notary Public